Good morning. May it please the Court, Charles Bonneau appearing for Appellant Brian McMonagle. Your Honors, this case presents yet another permutation of the California post-conviction procedure law with respect to federal habeas relief. And California misdemeanants are given a path to appeal through the Appellate Department of the Superior Court and then by discretionary review to the Court of Appeal. The statute says nothing further about review, but it's well established that the defendant can then seek review directly to the Supreme Court. And on that basis, this Court in Large v. Simmons held that that petition to the California Supreme Court is a necessary prerequisite to habeas relief. The Attorney General in this case argues that once we cross that threshold into filing something that's called a habeas corpus petition, that we're now engaging in collateral review, which is governed by Lawrence v. Florida. I'd like to suggest that citation to Lawrence v. Florida is out of place in this context, shouldn't be applied here, because that's collateral relief. And what we're talking about here is direct relief by definition. When I filed that petition in the California Supreme Court, I had to adhere strictly to the rules of direct review. I could not attack the conviction collaterally. And California procedure is also very clear about that. And had I tried to attack the judgment collaterally at that stage, I would have been criticized for it, and I effectively could not have done it. This is a form of direct review that comes directly out of the appellate department decision and asks for review in the manner of direct review. So, counsel, I thought the issue here was when the clock began to run, but you're saying the habeas clock is inapplicable here? Is that what your argument is? I'm trying to figure out how this all fits into the issue that's before us. I'm saying that the district court and the State before this Court are trying to say that this is collateral review over here, as if I had attacked the judgment for ineffective assistance of counsel. New evidence, something like that. Something that you couldn't see from the record. But why does that matter? Why does that matter in the context of the issue before us? Well, it makes all the difference. Collateral review is governed by Lawrence v. Florida. It doesn't trigger a period in which you can seek 90-day cert review before you start your Federal statute of limitations. So it absolutely makes all of the difference, whether this is collateral review or direct review. Now, having it fall under the laws of our habeas corpus procedure law, the State is now arguing this is unfair, it's too indefinite. Gee, we don't know. It may be an abusive delay or we don't know. It's an indefinite, timeless period. I would suggest that that train has already left the station a long time ago. I've been before this Court numerous times arguing that we were within the timeliness requirement. The State has consistently argued that the State timeliness requirement is perfectly clear and that I – that we have nothing to complain about. State of California? State of California. And most recently before the United States Supreme Court in Walker v. Martin, and in this – before this Court in Bonner v. Carey, White v. Martel, and many, many other cases. They have consistently defended if there was ever a case of the proverbial shoe being on the other proverbial foot, this is it. Counsel, procedurally, may I ask you? I understand your position to be that your case, your client's case, didn't become final, would not have become final until the California Supreme Court ruled on it. That's correct. Is that your argument? So in the procedural process that you were engaged in, what – how could that happen? How it happened was that we were denied relief, denied transfer to the California Court of Appeal. Right. About two months later, we filed a habeas corpus petition in the California Supreme Court, and that was kept under review for six or eight weeks and denied. It was denied in June of 2010. So I'm just – I'm just trying to understand the process. You're saying that even though you filed a habeas petition in the California Supreme Court, that was a direct appeal as opposed to a collateral challenge. Help me understand how that is a direct appeal as opposed to a collateral challenge. It follows necessarily from this Court's opinion in Larch v. Simmons. Now, one could disagree with Larch v. Simmons, but – But so what's the language in Larch v. Simmons that you say converted the habeas petition that you filed in the California Supreme Court into a direct appeal? It points to an availability of direct review in the California Supreme Court. Okay. It then cites cases going back many years in which the California Supreme Court did in fact intervene in misdemeanor cases if the – if the defendant was aggressive enough to put his claims directly before that court within – in a timely manner. I'm just trying to follow your argument. So you're saying the language in Larch that says there is an availability of direct review in the California Supreme Court necessarily converted your habeas petition into a direct appeal? I'm just trying to understand your argument. Is that your argument? Well, what it did – what it did was it required me to seek direct review in the California Supreme Court. But what was the mechanism for you to do that? If you had to file a habeas petition, doesn't that imply that there was no direct review available under the procedures that the misdemeanor – the misdemeanor criminal trial proceeded? I had to label it habeas corpus because that's the only thing I could label it. That's the only thing that was available. Doesn't that imply a lack of direct appeal availability? The problem, which is inherent in Larch, is that this has to be direct review. I couldn't file a collateral petition or anything collateral in that petition that wasn't in the record of the appeal. That's the definition of it. That's the – that's what Larch requires. If we don't adhere to that, then we have created a mixed petition. We have not – But Larch can't – I mean, our opinions cannot trump the California procedural. I mean, we are supposed to just interpret what the California procedure is, right? As the State points out, this – in the last resort, this is a decision to be made by this Court, by the Federal court, informed and enlightened by California procedure, but it's this Court's decision. But we are interpreting California procedure, right? Well, in a way, yes. But the – California hasn't really said, and neither has the – is the United States Supreme Court. Their rule requires that the – an entry of judgment by a State court of last resort, unquote. And their Petitioners have been slapped down for skipping something, saving a step. But not necessarily – I mean, it can be a decision from the court of last resort, but it's not necessarily on direct appeal, is it? No one knows. Okay. No one knows. I have to advise people in real time, in the real world, and to have Mr. McMoneagle come into my office tomorrow and ask this same question, what should I tell him? I'll just leave the Court with that, because I think I should tell him that we petition to the California Supreme Court, and then we may want to petition to the United States Supreme Court, and on the finality of those opinions, then our Federal statute of limitations starts to run. Okay. Thank you. Good morning, Your Honor. Brian Smiley from the California Attorney General's Office, representing the Warden. I think what – I was listening very carefully to Judge Rawlinson's questions. I think the key thing to keep in mind is the distinction between exhaustion and direct review. It seems to me that Mr. Bonneau is arguing that because he has to exhaust his claims to get Federal habeas relief, that's a prerequisite to Federal habeas relief, he had to go to the California Supreme Court. And because of California State law for misdemeanors, he was prevented on direct review from getting to the California Supreme Court. Right. But we said he had to go to the California Supreme Court. That's right. We may have been wrong at large, but we said you have to file a habeas petition with the California Supreme Court to exhaust your State remedies if you're a misdemeanor defendant. And actually the question I have is if, assuming we still have the large rule, then you're going to have a statute of limitations problem in almost every case. So we insist you say, number one, you've got to exhaust, but likely then if the time runs from the time it's final in the court of appeal, then the time will run out. I don't think you have a – I don't see – that's one of the things. I don't see any statute of limitations problem that's automatically going to arise because you have to seek exhaustion on State habeas. You have one year of statute of limitations. That's one year of time that can be completely untold. So if you seek certiorari following, like in this case, when the California court of appeal, the intermediate court of appeal, said we're not going to take this, and that ended his direct review, according to my argument, he can – he has 90 days to seek certiorari. He wouldn't be getting 20 for that. That's okay. He's got 12 months of time that can elapse before his Federal statute of limitations expires. So he can take those 90 days, and after he gets done – But that runs against the whole concept that we have of when it starts, because we're saying you have to exhaust it by direct review, at least. And here we say, and I'm reading from Larch, you must proceed – it's a question for suppression over whether a misdemeanor appellant whose direct appeal is exhausted before reaching the State's highest court must then appeal to that court by means of habeas in order to exhaust his claim for Federal habeas purposes. I mean, we tell him you've got to do it, and yet there's a real risk, as it was in this case, that the statute's going to run in the meantime. So you're barred from Federal court either by exhaustion or by statute of limitations. Why can't you – I don't see why you can't exhaust it on State habeas with 12 months. So your position is that he files a protective cert with the Supreme Court? Is that – I don't understand. He could do that, but he doesn't – I don't even think he needs to do that. But what if the – what if the State – if the State – if the California Supreme Court doesn't resolve his habeas petition within the year? What happens then? Congress provided for that exact situation with 2244d2, a properly filed State habeas petition, tolls the limitations period. The clock is not running. And it doesn't matter if California Supreme Court takes two years to rule on that petition, he's getting tolling for that entire time. He's not at risk of running out of time. If he thinks he is, California – the U.S. Supreme Court said at pace that he can file a protective petition if he wants. But the statute provides for it. I just think the key – the key thing to keep in mind is the distinction between exhaustion, which is one concept, and direct review, which is another. And they do have some overlap. I would admit that. The fact that misdemeanors get treated the way they do in California affects the way they have to exhaust their remedies. They have to go exhaust their remedies on habeas. That's true. But it doesn't make – it doesn't mean that, therefore, direct review includes a habeas petition. I've never seen any case that says that. Well, except this one. Larch, we may be wrong what we said, but it seems to say that. Well, I'm not sure that Larch says it's a direct appeal. It just says they have to file a habeas to exhaust, because it says the direct appeal is exhausted before reaching the State's highest court, which implies that the habeas is not a direct appeal to me. So I don't know. But in any event, in this case, the Federal habeas petition was filed even after the State – later than one year after the State habeas petition was adjudicated. That's correct. So that's what caused the problem. That's correct. We still had 12 months of untold time, plus – it was about three months late. Yeah. So the only way that the petitioner prevails in this case is if we equate the filing of the habeas, well, I don't know, as a direct appeal. As a direct appeal. Right. That's the only way. Yeah. Judge Thomas, I know you look troubled. I am troubled, but I think I understand the argument. California habeas procedure troubles a lot of us, but there's nothing any of us can do about it. Right. I will tell you, the people at the Attorney General's office in California feel similarly frustrated. I know you do. I know you do. Thank you, Your Honor. I'll submit it. Your Honor, as if Mr. Smiley feels frustrated, you can only imagine how I feel, because I have people that have real interests at stake that we have to decide one way or the other. Well, counsel, this dilemma could have been avoided if within a year after the California court, Supreme Court denied the habeas petition, the Federal petition had been filed. All of this could have been avoided, right? That's true in many of these cases. Well, I'm just saying in this case, if the Federal habeas petition had been filed within one year after the California Supreme Court denied the State habeas petition, it would have been, we wouldn't have had this. Sure. So I wanted to ask you about large, and Judge Thomas and I were looking at the language that talks of where we say that a habeas petition must be filed with the California Supreme Court. And the thing that concerns me a little bit about this, it says that large must exhaust all available State remedies before turning to the Federal courts for habeas review. Then it talks about it is a question of first impression whether a misdemeanor appellant whose direct appeal is exhausted before reaching the State's highest court, which implies that whatever is taken to the California Supreme Court is something other than a direct appeal. Tell me why my reading of that is erroneous. Well, the, what they're talking about in large is not a collateral claim. It, by definition, this is self-enforcing. It's self-policing. If we ever violate this, or even if we're too late, or if we're overexpansive in our claim, in our habeas claim petition that we present to the California Supreme Court, then it becomes no longer a direct appeal. But could you focus in on that particular language that we used in large to say that the direct appeal is exhausted before reaching the State's highest court? How do you reconcile that language with your position that the habeas petition is actually a direct appeal? They are, they required Mr. Larch, I guess it was, to go another step in direct review. And that's. In fairness to Judge Ronson's question, we didn't say direct review. You just said you had to exhaust. I mean, if you, you know, you can see the argument that, look, it's a, it's not necessarily a collateral review, but it's a form of exhaustion. But once it becomes final for purposes of the misdemeanor, then the clock starts ticking. Well, we have to look at, from the petitioner, the defendant's point of view, we have to look at both. And the State keeps saying that there's, you know, independent interests here. We don't, between exhaustion and direct and the statute of limitations, we don't see it that way. They're intertwined. They're clearly intertwined by the United States Supreme Court rulings. And not only that, is that they should be harmonized. We shouldn't be left, I shouldn't walk out of here today thinking that in the future I'll have to advise Mr. Monigal to petition to the United States Supreme Court after the California Court of Appeal, then petition to the California Supreme Court, and then, when that's denied, to then petition again to the United States Supreme Court, just in case we're wrong about Rule 13. Or you could advise him that within one year after the California Supreme Court rules on the Habeas Petition, file a Federal petition. Well, not a, it's worse than that. We have to file, according to them, we have to file within a year after that first United States Supreme Court review, period. If you don't file, if you don't file a petition for cert in the United States Supreme Court and just wait for the California Supreme Court to rule on the Habeas Petition, my understanding of his response was that if you file within a year of that decision, you have no statute of limitations problem on the Federal Habeas. Well, we don't know, because we don't know whether the, whether Rule 13 requires the State court of last resort, which means this second, this California Supreme Court petition that I've got going, which now is going to trigger another 90-day review process. Meanwhile, we've got another one-year statute that started with the first cert petition. So I might have three petitions at once. Let me ask you this. If we were to agree with you, what would our conclusion read in our opinion? It should read that the sense, consistent with Large v. Simmons, that the petition, Habeas Petition to the California Supreme Court is a necessary form of direct review, just as the Court said that the cert petition is to the United States Supreme Court, that that's all direct review, and that the statute then, and that the direct review process then continues for 90 days in the United States Supreme Court and only then the statute of limitations begins to arise. That's the only way that it's fair to otherwise, we're, we're faced with a multiplicity of overlapping petitions. To stay in abeyance only applies. It's not uncommon in California. I mean, you can have, you can have Habeas Petitions going in three different courts in California. Well, we can't, the thing that we can't have is we, we, we, he's right that we can have stay in abeyance in the district court, but we can't ask the United States Supreme Court to stay in abey while the California Supreme Court is, is making up its mind, and vice versa. There's, we can't, we can't have petitions pending in both courts at the same time. There's no provision for that. Okay. Thank you. Thank you both for your arguments. I, I, I think it's been very helpful to clarify some matters and it's an interesting puzzle to resolve. It is a puzzle. Okay. Justice Roe will be submitted for decision and we will hear argument in Botanic v. Holder.
judges: Duffy, Thomas, Rawlinson